# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE DURGIN, JR.,**  }  | |
| }  | |
|    **Plaintiff,**  }  | |
| }  | |
| v.  }  | **Case No.: 2:13-CV-01798-RDP** |
| }  | |
| **DONNA BICE CAMPBELL,**  }  | |
| }  | |
|    **Defendant.**  }  | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Notice of Substitution and Application for Order Thereon (Doc. # 2) and Defendant's Motion to Dismiss or for Summary Judgment (Doc. # 3). On September 30, 2013, the court ordered the parties to brief the Motion and the Notice (to the extent it was opposed) pursuant to Exhibit B attached to the court's September 30, 2013 Initial Order. (Doc. # 5). Under Exhibit B, any opposition by Plaintiff would have been due on or before October 7, 2013. Plaintiff has not opposed either the Motion or the Notice.

**I.      Background**

On July 21, 2011, at approximately 10:00 a.m., a vehicle driven by Plaintiff was struck by a vehicle driven by Campbell. (Doc. #1 at 10-13). The vehicle Campbell was driving was a mail truck. (Doc. #1 at 10-13). On August 4, 2011, Plaintiff submitted a claim to the District Tort Claims Office regarding that accident. (Doc. #1 at 10-13). On October 4, 2011, Plaintiff was offered a settlement of $1,000 regarding this accident. (Doc. #1 at 10-11, 15). Plaintiff cashed the settlement check on October 13, 2011. (Doc. #1 at 10-11).

On July 23, 2013, Plaintiff filed a simple negligence/wantonness action regarding this incident against Campbell in the Circuit Court of Shelby County, Alabama. (Doc. #1 at 1). Notably,

Plaintiff's Complaint does not assert the date on which the accident occurred. (Doc. #1 at 7). The United States removed the case to this court on September 27, 2013. (Doc. #1). Thereafter it filed the instant Notice of Substitution and Application for Order Thereon (Doc. #2) and Motion to Dismiss or for Summary Judgment (Doc. #3).

## II.     Analysis

### A.     Notice of Substitution and Application for Order Thereon

According to Plaintiff's original claim regarding this accident, Campbell was driving a mail truck when the accident occurred. (Doc. #1 at 13). In addition, the United States Attorney for the Northern District of Alabama has certified that the accident occurred within the scope of Campbell's employment with the Unites States Postal Service. (Doc. #2 at 6). Therefore, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, §§ 5 and 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679), the Notice of Substitution and Application for Order Thereon (Doc. #2) is due to be granted and the United States substituted for the individual defendant Donna Bice Campbell (Campbell).

### B.     Defendant's Motion to Dismiss

Here, the undisputed evidence shows that Plaintiff already settled this claim with the United States. Moreover, and in addition, it is barred by the applicable statute of limitations. The two-year limitations period of § 6-2-38( 1 ) is applicable to negligence and wantonness claims. *Ex parte Capstone Bldg. Corp.*, 96 So.3d 77, 83 (Ala. 2012); *Boyce v. Cassese*, 941 So.2d 932, 945-46 (Ala. 2006); *Malsch v. Bell Helicopter Textron, Inc.*, 916 So.2d 600, 601 (Ala. 2005); *Gilmore v. M & B Realty Co.*, 895 So.2d 200, 207-09 (Ala. 2004). The statute of limitations began to run in this case on July 21, 2011. The statute of limitations on a claim begins to run when the cause of action

accrues. *Home Ins. Co. v. Stuart-McCorkle, Inc.*, 285 So.2d 468 (Ala. 1973). A cause of action accrues as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of the damage is apparent at the time of the first legal injury. *Smith v. Medtronic, Inc.*, 607 So.2d 156 (Ala. 1992); *Garrett v. Raytheon Co.*, 368 So.2d 516, 518-19 (Ala. 1979). Because Plaintiff's Complaint was filed on July 23, 2013, and that date is more than two years after the causes of action accrued (on July 21, 2011), the claims are time-barred. Therefore, Defendant's Motion to Dismiss or for Summary Judgment (Doc. #3) is due to be granted.

### III.    Conclusion

For the reasons stated above, Defendant's Notice of Substitution and Application for Order Thereon (Doc. #2) and Defendant's Motion to Dismiss or for Summary Judgment (Doc. #3) are due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this ___18th___ day of October, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE